IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                           CRIMINAL ACTION NO. 2:20-cr-00002

KEENAN WATSON,

          Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pursuant to Standing Order entered on October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023).

Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office.[1] The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Mr. Watson was convicted of possessing with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine and carrying a firearm during a drug trafficking crime pursuant to a guilty plea entered on June 3, 2020. At the time of his original sentencing, he had five criminal history points, and two additional points were added because he committed the offense while under a criminal justice sentence. He had a total offense level of 29 and a criminal history category of IV, for a Guideline range of 121 to 151 months as to the drug offense, and a mandatory minimum of 60 months to be served consecutively as to the firearm offense. On October 15, 2020, the Court imposed a downward variant sentence of imprisonment of 84 months on the drug offense and a consecutive term of 60 months' imprisonment on the firearm offense, to be followed by five years of supervised release. Following implementation of Amendment 821, Mr. Watson would not receive any status points, for a total of five criminal history points. His offense level would remain 29, and his criminal history category would be lowered from IV to III, resulting in an amended Guideline range of 108 to 135 months as to his drug offense. The 60-month consecutive sentence for the firearm offense would remain unchanged. However, pursuant to U.S.S.G. § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment . . .

---

1 Inasmuch as the addendum to the PSI and the Court's independent review of the relevant materials reveal that Mr. Watson is ineligible for further relief under Amendment 821, additional briefing by the parties is unnecessary.

to a term that is less than the amended guideline range." Because Mr. Watson received a variant sentence of 84 months which is less than the amended Guideline range of 108 to 135 months, the Court finds that he is not eligible for relief under Amendment 821.

Wherefore after thorough review and based on the foregoing considerations, the Court **ORDERS** that a reduction in sentence be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: December 5, 2023

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA